UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

JASON STONE,

        Plaintiff,                                   Civil No. 05-1120-JE

JO ANNE B. BARNHART,                     ORDER
Commissioner,
Social Security Administration,

        Defendant.

HAGGERTY, Chief Judge:

      Magistrate Judge Jelderks issued a Findings and Recommendation in this action [13], in which the Magistrate Judge recommended that the Commissioner's final decision should be affirmed. Plaintiff filed objections to the Findings and Recommendation, and the matter was then referred to this court.

1     - ORDER

When a party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

The objections were filed in a timely manner. The court has given the file of this case a *de novo* review, and has also carefully evaluated the Magistrate's Findings and Recommendations, the objections, and the entire record. Magistrate Judge Jelderks provided a thorough analysis of the facts and circumstances regarding this litigation, and the analysis need not be repeated here. For the following reasons, the Findings and Recommendation is adopted.

ANALYSIS

Plaintiff's specific objection is that the Findings and Recommendation erred in failing to address plaintiff's case theory that he cannot work because his physical and mental ailments preclude him from keeping a set work schedule. Plaintiff argues that his impairments would cause him to miss more than one work shift per month, and as a result, he could not perform any job regularly available in the national economy. Plaintiff cites testimony from a Vocational Expert (VE), explaining that a person who misses more than three or four days a year for medical reasons could not sustain an "everyman" job. Plaintiff contends that this testimony establishes that he could not perform any job available in the national economy.

The Findings and Recommendation, however, did not fail to address plaintiff's case theory. Instead, the Findings and Recommendation addressed plaintiff's theory, and rejected it in turn. Specifically, the Findings and Recommendation discussed plaintiff's challenges to the Administrative Law Judge's (ALJ) decision, noting that plaintiff contends that the ALJ "failed to

appropriately consider the effects of plaintiff's impairments" and that if remanded, plaintiff hopes an ALJ "will finally address plaintiff's case theory that the 24-7 effects of his functioning from the pain and fatigue of severe physical and mental biological illness prevent him from keeping a set work schedule." Findings and Recommendation (FR) 18-19. In response, the Findings and Recommendations stated that substantial evidence exists that plaintiff could perform light level work with specific restrictions, noting that the ALJ "cited evidence indicating that plaintiff's strength was intact, and evidence that plaintiff could ride a bicycle and participate in community activities" but that "the ALJ restricted plaintiff from repetitive use of hands for fine manipulation" and from working around moving machinery and heights. FR 22. This court agrees that substantial evidence exists to support the conclusion that plaintiff can perform work that exists in substantial numbers in the economy, as described by the ALJ.

Plaintiff also objects, although tangentially, to the conclusion of the Findings and Recommendation that the ALJ did not err in relying on the opinion of Dr. Patrick, and rejecting the opinion of Dr. Redfern, plaintiff's treating physician. The Findings and Recommendation specifically stated that there is substantial evidence in the record to support these conclusions. Dr. Patrick "relied on independent clinical findings and a comprehensive review of the medical record" and therefore his opinion "constituted substantial evidence which the ALJ could consider." FR 22. Further, substantial evidence in the record supports the ALJ's rejection of Dr. Redfern's opinion regarding plaintiff's residual functioning capacity. Dr. Redfern "had prescribed substantial pain medications in the absence of an established physical basis for much of the alleged pain" and "had noted that plaintiff's behavior was consistent with malingering and/or drug

3     - ORDER

seeking." FR 23. The court agrees with the reasoning of the Findings and Recommendation and that the "the ALJ's rejection of Dr. Redfern's opinion was legally sufficient." FR 23.

Accordingly, this court adopts the Findings and Recommendation as presented.

CONCLUSION

Plaintiff's objections have been scrutinized, and this court has undertaken a *de novo* review of the Findings and Recommendation at issue. The Findings and Recommendation [13] is adopted in full. The Commissioner's final decision is affirmed.

IT IS SO ORDERED.

Dated this   27   day of October, 2006.


                                                              /s/ Ancer L. Haggerty
                                                                Ancer L. Haggerty
                                                 United States District Judge